## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**BARBARA A. BROWN**                                         **PLAINTIFF**

**v.**                              **No. 4:24-cv-377-DPM**

**BUREAU OF LEGISLATIVE RESEARCH**                     **DEFENDANT**


### PROTECTIVE ORDER

The Court grants the joint motion for a Protective Order, *Doc. 18,* as modified.

1.    The parties are engaged in discovery and have identified certain confidentiality concerns related to personnel files, medical/health information, and other confidential information.

2.    For purposes of this order, the term "Confidential Documents" shall include any documents that a party or its counsel designate as confidential based upon a good-faith belief that the designation is appropriate because the documents contain nonpublic and sensitive confidential information. Confidential Documents may include information of whatever kind, including but not limited to written information and information otherwise recorded on any medium, including without limitation paper, photographs, video and audio recordings, and electronic, optical, and magnetic disks and files. The parties agree that all documents and materials produced in native

format or in any format other than PDF or Word will be considered confidential.

3.    For purposes of this order, the term "Confidential Information" includes any information provided in disclosures, in response to a written discovery request, or in response to a deposition question that a party or its counsel designate as confidential based upon a good-faith belief that the designation is appropriate because it is nonpublic, sensitive confidential information.

4.    For purposes of this order, the term "Confidential Materials" refers collectively to Confidential Documents and Confidential Information.

5.    When a party or non-party produces documents in this case, the party or non-party producing the documents (the "Producing Party") may designate any of those documents as Confidential Documents by stamping the word "Confidential" on each page of the documents that are being designated.  If the document is a video, audio recording, or file produced in its native format (such as a .pst or .xls file) the Producing Party should include the word "Confidential" within the electronic file's name.

6.    The parties agree that Confidential Materials shall not be disclosed, directly or indirectly, to anyone other than the parties, counsel for the parties, witnesses, consultants, and expert witnesses specially retained or specially employed for this case.  Nothing in this

order prevents any party from disclosing Confidential Materials to the Court, its staff, and court reporters at deposition or trial, subject to such protections as the Court may order. Nothing in this order restricts what a Producing Party may do with Confidential Materials it produces.

7.    The inadvertent, unintentional, or *in camera* disclosure of Confidential Materials shall not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality. If Confidential Materials are inadvertently produced without the appropriate designation of confidentiality, the Receiving Party shall, upon notice of the confidential status of the materials, treat the materials as if they had been appropriately designated when produced.

8.    The parties and all other persons subject to the provisions of this order agree to use Confidential Materials solely and exclusively to prepare for, conduct, and participate in this case. The parties and all other persons subject to this order will not use Confidential Materials for any other litigation or for any other business purpose, personal purpose, or other purpose whatsoever.

9.    When this case ends, the Receiving Party shall destroy, delete, uninstall, or otherwise remove all Confidential Materials that it received from the Producing Party—no matter the form, including originals, copies, extracts, summaries, facsimiles, and all electronically stored materials. Notwithstanding this requirement, Confidential Materials that are stored on backup storage media in

accordance with regular data-backup procedures need not be destroyed, deleted, uninstalled, or otherwise removed. Additionally, upon request of any party, each party and each party's counsel shall execute a sworn certificate attesting that the party and the party's counsel have complied with the requirements of this paragraph. No party may make a request more than ninety days after this case ends, including any appeal. And, if requested, such sworn certificate must be delivered to all parties within 120 days after the conclusion of the case, including any appeal.

10.    Nothing in this Order shall prevent a party from offering any Confidential Materials into evidence at the trial of this matter.

11.    The Confidential Materials that are filed with this Court shall be redacted in the manner set forth in Fed. R. Civ. P. 5.2 if practicable. They may only be filed under seal if redaction is impracticable and the Court grants prior permission on motion. The moving party must justify sealing document by document, with specifics and solid reasons. Those reasons must include an explanation why redaction cannot be done.

12.    This Order shall remain in effect for one year after litigation ends, including any appeal. After that, the obligations imposed shall continue but shall be solely a matter of contract between the parties.

13.    The parties' counsel shall confer in good faith *in person* to try to resolve any disputes regarding the "Confidential" designation. If the

parties reach an impasse, they should file a joint report as specified in the Amended Final Scheduling Order, *Doc. 23 at 2–3*. Disputes concerning Confidential Materials shall be resolved by the Court prior to dissemination.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____20 August 2025_____