FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 17 2026

TAMMY H. DOWNS, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BARBARA A. BROWN                                        PLAINTIFF

v.                          No. 4:24-cv-377-DPM

BUREAU OF LEGISLATIVE RESEARCH                  DEFENDANT

ORDER

Barbara Brown, a black woman, has a long history of service as a state employee. Over the years at the Arkansas Bureau of Legislative Research, she watched her non-black colleagues get promoted and earn raises at a faster rate than she did. Brown has sued under Title VII, alleging that she has been passed over for promotions and raises because of her race. She also claims retaliation: she was reprimanded after she filed a discrimination complaint. 42 U.S.C. § 2000e *et seq.* The Bureau moves for summary judgment. Brown wants a trial. Where there is a dispute about the material facts, the Court takes the record in the light most favorable to Brown. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

*

The Court must address the statute of limitations. Brown filed a charge with the Equal Employment Opportunity Commission in early June 2023. *Doc. 27-3.* She says that the discriminatory actions that took

place from 1 January 2021 to 7 June 2023 were a "continuing action." *Doc. 27-3 at 1.* But many of the issues she brings up, such as failures to get promotions and pay raises, were discrete incidents. *Burkett v. Glickman*, 327 F.3d 658, 660 (8th Cir. 2003). The Court is not persuaded by Brown's progression argument. "These discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Ibid.* (quotations omitted). Any claim about a discrete discriminatory action that happened before 11 December 2022 — 180 days before she filed her charge — is therefore barred by the statute of limitations. 42 U.S.C. § 2000e-5(e)(1); *Doc. 27-3 at 1.*

The timeline is a bit murky. Two discrete actions about pay — Brown's 2022 raise and her 2023 raise — appear to be embraced by her EEOC charge. *Doc. 27-1 at 16 & Doc. 27-3 at 1.* The Bureau doesn't contend otherwise. *Doc. 29 at 19–20.* Taking the record in the light most favorable to Brown, the Court concludes that these raises fall within the covered period. The alleged retaliation does, too.

\*

The first issue is disparate treatment. Because Brown hasn't offered direct evidence of race discrimination, the Court applies the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973); *Gibson v. American Greetings Corp.*, 670 F.3d 844, 853-56 (8th Cir. 2012). Brown's burden to make a

*prima facie* case is not heavy;  looking at the whole record, the Court assumes she's carried it. *Torgerson*, 643 F.3d at 1047.

The deep issue is her pay raises.  In 2022, Brown got a 5% merit raise. *Doc. 27-1 at 10.*  Three of her co-workers received higher merit raises.  All those co-workers are white. *Ibid.*  In 2023, Brown, and almost all of her co-workers, got a 2.5% merit raise.  *Doc. 27-1 at 11.*  One co-worker, a white man, received a merit raise of 3.5%. *Ibid.*

The Bureau offers a legitimate, non-discriminatory reason for these disparities. *Torgerson*, 643 F.3d at 1046.  In her affidavit, Bureau director Marty Garrity says these raises were based on performance, not race. *Doc. 27-1 at 9.*  The burden therefore shifts back to Brown to show that this reason is pretextual.  *Torgerson*, 643 F.3d at 1046.  She must point to a similarly situated employee who was treated differently than she was—a rigorous standard at the pretext phase. *Johnson v. Securitas Security Services USA, Inc.*, 769 F.3d 605, 613 (8th Cir. 2014).  Brown must show that the Bureau "paid different wages to employees of different races for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Fair v. Norris*, 480 F.3d 865, 870 (8th Cir. 2007).

Brown offers seven proposed comparators. *Doc. 37 at 8.*  In 2022, two of them got a higher raise than she did:  Adrienne Beck and William Parrish. *Doc. 27-1 at 10.*  In 2023, Parrish was the only one who got a

higher raise than Brown did. *Doc. 27-1 at 11.* Brown testified unequivocally, however, that she doesn't have the same job duties as either Beck or Parrish. *Doc. 27-4 at 167–68.* Neither is a solid comparator. *Ingram v. Arkansas Department of Correction*, 91 F.4th 924, 928 (8th Cir. 2024). Her disparate treatment claim therefore fails as a matter of law.

*

The second issue is retaliation. Brown claims she was retaliated against because of the complaints she filed with the Bureau. *Doc. 34-1 at 35.* She made the most recent one because of what happened when she was asked to help an injured co-worker pull a heavy cart. *Doc. 27-4 at 85.* Brown told management that she couldn't help because she was also injured. *Doc. 27-4 at 86.* She was later called into a hostile meeting, where she was scolded for not taking on the extra work. *Ibid.* After Brown filed a complaint about the incident, the Bureau investigated it, and the investigation ended in Brown getting a written reprimand. *Doc. 34-1 at 35.* The reprimand concluded that she didn't cooperate with the investigation, made baseless allegations, and engaged in bullying, harassing, and insubordinate behavior toward her supervisor. *Doc. 27-1 at 20–23.* The consequences: Brown lost the privilege of working from home for one year; plus she was moved to a different section of the Fiscal Division. *Doc. 27-1 at 22.* Neither her job title nor her pay changed. *Ibid.*

Brown has made a *prima facie* case here.  *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 436 (8th Cir. 2016).  She engaged in protected activity when she filed the complaint.  *Doc. 34-1 at 35.* The Bureau then banned Brown from working from home for one year. *Doc. 27-1 at 22.*  That's an adverse employment action.  *Muldrow v. City of St. Louis*, 601 U.S. 346, 355 (2024).  Looking at the material facts in her favor, an inference of retaliation arises.

But, considering the whole record, Brown hasn't offered sufficient evidence for a jury to conclude that the Bureau's reasons for reprimanding her were pretexts for a retaliatory decision.  *Blackwell*, 822 F.3d at 436.  She knew, when the Bureau investigated her 2023 complaint about not helping her co-worker with the heavy cart, that she was required to follow the Bureau's manual.  *Doc. 27-4 at 131.* It requires cooperation with investigations.  *Doc. 27-2 at 20.*  Brown, though, refused to answer the investigator's questions.  *Doc. 27-4 at 109–10.*  In her complaint, she accused the Bureau of violating the Family and Medical Leave Act and Occupational Safety and Health Administration standards.  But she wasn't sure her accusations were true. *Doc. 27-4 at 120–22.*  Brown's relationship with her supervisor was acrimonious.  The independent investigator, and, in turn, the Bureau concluded that Brown was the source of the problems.  This conclusion may have been mistaken, but an employer's factual mistake doesn't show pretext.  *Main v. Ozark Health, Inc.*, 959 F.3d 319, 325 (8th Cir.

2020).  All material things considered, Brown's retaliation claim fails, too.

*

Brown's Title VII claims fall short.  Her amended complaint and brief mention, in passing, claims under § 1983 and for a declaratory judgment.  *Doc. 14 at 1 & Doc. 37 at 1.*  These underdeveloped claims were either abandoned or fail with her Title VII claims.  The Bureau's motion for summary judgment, *Doc. 27,* is granted.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_____
17 June 2026

–6–